**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DELILAH HEARN**                                                              **PLAINTIFF**

**v.**                                              **CAUSE NO.: 1:18-CV-00095-SA-DAS**

**TONY DAVIS, IN HIS INDIVIDUAL CAPACITY;
SHANE LATCH, IN HIS INDIVIDUAL CAPACITY;
ALCORN COUNTY, MISSISSIPPI; and,
XYZ INSURANCE COMPANY**                                      **DEFENDANTS**

**DEFENDANTS TONY DAVIS AND SHANE LATCH'S
MOTION FOR JUDGMENT ON THE PLEADINGS
BASED ON QUALIFIED IMMUNITY**

  **COME NOW** Defendants, TONY DAVIS AND SHANE LATCH ("Deputy Davis" and "Deputy Latch"), by and through counsel, pursuant to Rule 12(c)of the Federal Rules of Civil Procedure, and submit this Motion for Judgment on the Pleadings Based on Qualified Immunity and state as follows:

  1. This matter arises out of Plaintiff's arrest by Alcorn County Deputies Davis and Latch. **[Doc. No. 1]**. More specifically, Plaintiff asserts that Deputies Davis and Latch violated her constitutional rights under the Fourth Amendment of the United States Constitution, alleging excessive force and unreasonable seizure. *Id*. However, Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputies Davis and Latch in their individual capacity. Accordingly, the claims against Deputies Davis and Latch should be dismissed by the Court, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard.

  2. Plaintiff Hearn was arrested on May 25, 2017, following an incident vaguely

acknowledged in the Plaintiff's Complaint. *Id.* More specifically, Plaintiff claims she was arrested after she had gone back into her home and locked the latch on her storm door. She claims the deputies forcefully tore up the lock on her door, broke into her home, and used excessive force on her during her arrest. She further claims that she was falsely detained and imprisoned for more than six (6) hours without probable cause and suffered damages when the charges were dismissed. *Id.*

3.        These bare-bone allegations do not satisfy the heightened pleading standards required to overcome qualified immunity as Plaintiff's allegations against Deputies Davis and Latch offer nothing more than conclusory assertions that Deputies Davis and Latch used unreasonable and/or excessive force and caused her injury. As has been well established, law enforcement officials, "like other public officials acting within the course and scope of their official duties, are shielded from claims of civil liability, including §1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F3d. 743, 753 (5th Cir. 2001).

4.        To determine whether a defendant is entitled to qualified immunity, this Court conducts a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right; and (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred. *Jenkins v. Town of Vardaman, Miss.*, 899 F.Supp. 526, 530 (N.D. Miss. 2012). Importantly, the "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

5.        Under this analysis, once law enforcement officers, such as Deputies Davis and Latch in this instance, raise the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991,

995 (5th Cir. 1995). *See also*, *Jenkins*, 899 F.Supp.2d at 531 ("it is the plaintiff, rather than the defendant, who must do most of the 'heavy lifting' in the qualified immunity context."). In fact, a plaintiff "must allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995. However, it appears that Plaintiff's Complaint does not meet this heightened pleading standard.

6.      Additionally, in order for Plaintiff to prevail on a Fourth Amendment excessive force claim, Plaintiff must establish (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). The United States Supreme Court discussed claims of excessive force in both *Graham v. Connor*, 490 U.S. 386 (1989) and *Saucier v. Katz*, 533 U.S. 194 (2001) and firmly established that courts are to examine the objective reasonableness of the officer's actions **not with the benefit of hindsight**, but in light of the "on-scene perspective" of the officer. *Saucier*, 533 U.S. at 205 (citing *Graham*, 490 U.S. at 393, 396, 397)(emphasis added).

7.      The allegations of Plaintiff Hearn's Complaint do not provide any facts, reasons or insight as to how Deputies Davis and Latch used any force on her, much less excessive force, or whether Deputies Davis and Latch's alleged use of force was objectively reasonable under the circumstances. Likewise, there are no specific allegations about what specifically occurred to cause the particular injuries Plaintiff Hearn claims to have suffered and endured. Most importantly, Plaintiff Hearn has  provided little to no facts and/or details as to the circumstances leading to Plaintiff Hearn's arrest or why law enforcement was required to be at her home, other than to arrest her daughter-in-law, Melody Loveless. These allegations lack the factual specificity needed to determine whether Deputies Davis and Latch violated Plaintiff's clearly established rights in an

objectively reasonable manner.

      **8.** Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputies Davis and Latch in their individual capacities. Consequently, the claims against Deputies Davis and Latch should be dismissed by this Court, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard.

      **WHEREFORE, PREMISES CONSIDERED**, Defendants Tony Davis and Shane Latch respectfully request that this Court enter an order dismissing the claims made against them in their individual capacities, with prejudice, or in the alternative, the Court should require the Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard required for these claims.

      **Respectfully submitted,** this the 25th day of June, 2018.

                         **ALCORN COUNTY, MISSISSIPPI**

                    By: ***/s/ Arnold U. Luciano***
                         Daniel J. Griffith, MSB #8366
                         Arnold U. Luciano, MSB #99198
                         Attorneys for Defendant

Of Counsel:
JACKS GRIFFITH & LUCIANO, P.A.
150 North Sharpe Avenue
P.O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Fax: 662-843-6176
Email: dgriffith@jlpalaw.com
       aluciano@jlpalaw.com

## **CERTIFICATE OF SERVICE**

I, Arnold U. Luciano, one of the counsel for Defendant in the above case, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Motion for Judgment on the Pleadings Based on Qualified Immunity for Deputies Davis and Latch* to be delivered by the ECF Filing System which gave notice to the following:

> Robert H. Burress, III
> R. H. Burress, III, P.A.
> Attorney-at-Law
> 123 South Fulton Street
> Iuka, MS 38852
> Phone: (662) 423-3153
> Fax: (662) 423-2964
> Email: boburress@bellsouth.net
> **Attorneys for Plaintiff**

**FILED** this 25th day of June, 2018.

> _  /s/ Arnold U. Luciano_
> Arnold U. Luciano