**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DELILAH HEARN**                                                        **PLAINTIFF**

**v.**                                       **CAUSE NO.: 1:18-CV-00095-SA-DAS**

**TONY DAVIS, IN HIS INDIVIDUAL CAPACITY;
SHANE LATCH, IN HIS INDIVIDUAL CAPACITY;
ALCORN COUNTY, MISSISSIPPI; and,
XYZ INSURANCE COMPANY**                           **DEFENDANTS**

**DEFENDANTS TONY DAVIS AND SHANE LATCH'S MEMORANDUM BRIEF
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
<u>BASED ON QUALIFIED IMMUNITY</u>**

      **COME NOW** Defendants, TONY DAVIS AND SHANE LATCH ("Deputy Davis" and "Deputy Latch"), by and through counsel, pursuant to Rule 12(c)of the Federal Rules of Civil Procedure, and submit the following Memorandum Brief in Support of Motion for Judgment on the Pleadings Based on Qualified Immunity and states as follows:

**INTRODUCTION**

      This matter arises out of Plaintiff's arrest by Alcorn County Deputies Davis and Latch and allegations that they violated her constitutional rights under the Fourth Amendment of the United States Constitution, alleging excessive force and unreasonable seizure. However, Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputies Davis and Latch in their individual capacity. Accordingly, the claims against Deputies Davis and Latch should be dismissed by the Court, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard. During the interim, this case must be stayed pursuant to Rule 16(b)(3) of the Federal Rules of Civil Procedure.

1

## FACTUAL BACKGROUND

According to Plaintiff's Complaint, on May 25, 2017, defendant deputies Shane Latch and Tony Davis, acting as Alcorn County Sheriff's Deputies, went to the residence of Plaintiff Hearn to execute a warrant and arrest her daughter-in-law, Melody Loveless. While there, Plaintiff claims that after the arrest, Hearn went back into her home and locked the storm door, but that Deputies Davis and Latch broke in, used excessive force, and arrested her without probable cause. **[Doc. No. 1]**. Plaintiff then claims that Deputy Davis wrongfully made out criminal affidavits against her for resisting arrest, disorderly conduct, misdemeanor simple assault on a police officer, hindering prosecution, and rendering criminal assistance. *Id*. Plaintiff Hearn then claims that she was detained and falsely imprisoned for more than six (6) hours and was damaged when the charges were later dismissed. *Id.*

No other facts are provided as to why the Deputies were at Plaintiff Hearn's house to arrest her daughter-in-law, or why she was ultimately detained. Likewise, no other facts are stated in Plaintiff's Complaint concerning the alleged improper use of force or use of excessive force. *Id*. Plaintiff then relies upon conclusory and bare allegations that Deputies Davis and Latch are liable to her for use of excessive force, for falsely arresting her without probable cause, and that they were subjectively aware that they had no lawful basis to arrest her. *Id.*

## ARGUMENT

Law enforcement officials, "like other public officials acting within the course and scope of their official duties, are shielded from claims of civil liability, including §1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F3d. 743, 753 (5th Cir. 2001). A law enforcement officer is entitled to the **cloak of qualified immunity** "unless it is shown that, at the

2

time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994)(emphasis added). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

To analyze a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); see also, *Pearson v. Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in *Saucier*, is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask, whether that right was clearly established." *Saucier*, 533 U.S. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good faith performance of their duties." *Ren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from **all aspects of suit**." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986)(emphasis added). The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982); see also L.U.Civ R. 16.1(B)(4).

To ensure the protective purpose of qualified immunity, the Fifth Circuit has long required

more than "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliot v. Perez*, 571 F.2d 1472 (5th Cir. 1985). More specifically, when law enforcement officers (such as Deputies Davis and Latch in this instance) raise the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). *See also*, *Jenkins*, 899 F.Supp.2d at 531 ("it is the plaintiff, rather than the defendant, who must do most of the 'heavy lifting' in the qualified immunity context."). In fact, a plaintiff "must allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995; see also, *Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs complaint rely on more than conclusions alone); see also *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff). Plaintiff "cannot be allowed to rest on general characterizations, but must speak to the specific factual particulars of the alleged actions. *Floyd v. City of Kenner*, 351 Fed. Appox. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Heightened pleadings "requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 1158, 161 (5th Cir. 1999). Plaintiff Hearn's Complaint does not meet the required heightened pleading standard set forth by our jurisprudence.

Although Plaintiff alleges that Deputies Davis and Latch used excessive force, her Complaint fails to delineate all the necessary and relevant facts and circumstances surrounding the alleged use of force or those required as discussed above. Plaintiff Hearn has failed to meet the heightened pleading standard and as such, her claims are barred by qualified immunity.

4

In order to prevail on a Fourth Amendment excessive force claim, Plaintiff must establish (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). The United States Supreme Court discussed claims of excessive force in both *Graham v. Connor*, 490 U.S. 386 (1989) and *Saucier v. Katz*, 533 U.S. 194 (2001) and firmly established that courts are to examine the objective reasonableness of the officer's actions **not with the benefit of hindsight**, but in light of the "on-scene perspective" of the officer. *Saucier*, 533 U.S. at 205 (citing *Graham*, 490 U.S. at 393, 396, 397)(emphasis added).

In order to conduct the analysis of "objective reasonableness" under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. The "calculus of reasonableness **must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving** - about the amount of force that is necessary in a particular situation." *Graham* 490 U.S. at 396-397 (emphasis added). Courts must "pay careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether he/she [was] actively arresting arrest or attempting to evade arrest by flight." *Gutierrez v. City of San Antonio*, 139 F.3d 441, 447 (5th Cir. 1998). As the U.S. Supreme Court recognized, in the case of *Saucier*, "[a]n officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to

qualified immunity." *Saucier*, 533 U.S. at 205. "Qualified immunity operates...to protect officers from the sometimes 'hazy border between excessive and acceptable force,' and to ensure that before they are subjected to suit, officers are on notice that their conduct is unlawful." *Arshad v. Congemi*, 2009 U.S. App. Lexis 4792, 14-15 (5th Cir. 2009)(quoting, *Saucier*, 533 U.S. at 206).

Whether the force utilized is excessive to the need and unreasonable is measured in objective terms, by examining the totality of the circumstances. *Peterson v. City of Fort Worth, Tex*., 588 F.3d 838, 844 (5th Cir. 2009). A determination of excessive force is made "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id* at 846. The objective reasonableness of the force depends on the facts and circumstances of the case. *Collier v. Montgomery*, 569 F.3d 214, 218-219 (5th Cir. 2009). The test for reasonableness must consider "whether the suspect poses an immediate threat to the safety of the officer or others, and whether he/she is actively resisting arrest or attempting to evade arrest by flight." *Id*.

In the present case, Plaintiff Hearn's Complaint fails to sufficiently plead a factual basis for a claim of excessive force against Deputies Davis and Latch in their individual capacities and more importantly, the specifics as to how, when, or why Deputies Davis and Latch used any force on her, much less "excessive force." Plaintiff's Complaint contains nothing more than conclusory allegations of Deputies Davis and Latch coming to her home to arrest her daughter-in-law (no reason why she was housing this person, why they were there to arrest her, or why she became involved with the subject arrest as to have to be outside or return to her home and lock her door) and that she was later arrested. *Plaintiff's Complaint,* ¶7-9. Plaintiff provides no other details - just conclusory allegations. Likewise, there are no other specific allegations about what occurred to cause the particular injuries Plaintiff claims to have suffered. More importantly, there is a complete void of

6

why law enforcement was required to be at her home in the first place or how and why she addressed the law enforcement officials who where there. Simply put, these allegations lack the factual specificity needed to determine whether Deputies Davis and Latch violated Plaintiff's constitutional rights to be free from excessive force.

Furthermore, the allegations are insufficient to allow the Court to make a determination of the second prong of the qualified immunity test - whether or not Deputies Davis and Latch's alleged use of force on Plaintiff was objectively reasonable under the circumstances. Aside from asserting that Plaintiff Hearn was "man-handled", hand-cuffed and hauled to jail and being falsely imprisoned, Plaintiff has filed to otherwise provide any specific facts to suggest that Deputy Davis' and Latch's conduct was objectively unreasonable under the circumstances.

When presented with equally bare allegations in *Jackson v. City of Beaumont Police Dept.,* the Fifth Circuit found that the plaintiff could not overcome the heightened pleading requirements by merely asserting that the officer's use of force was "without justification" and in "bad faith." 958 F.2d 616, 621 (5th Cir. 1992). Notably, in *Jackson*, the plaintiff failed to provide any facts "regarding his own conduct during the incident, reasons given, if any, by the officers for being called to the scene, or any other factors relating to the circumstances leading to, and surrounding, his arrest and other alleged actions by the officers." *Id*. Finding that the plaintiff's complaint contained "virtually no facts", the Court characterized the plaintiff's allegations as conclusory statements insufficient to overcome the qualified immunity defense. *Id*.

As in *Jackson*, Plaintiff Hearn's allegations offer nothing more than conclusory allegations that Deputies Davis and Latch used excessive force against her and caused injury. Without more, it is clear that Plaintiff Hearn has failed to allege any constitutional claims with the precision and

factual specificity required to overcome Deputy Davis and Latch's qualified immunity defense. Accordingly, the constitutional claims asserted by Plaintiff Hearn against Deputies Davis and Latch, in their individual capacity, should be dismissed, or in the alternative, this Court should require Plaintiff Hearn to submit a *Schultea* Reply containing factual allegations sufficient to meet the heightened pleading standard and that this matter should be stayed pursuant to Rule 16(b)(3).

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendants Tony Davis and Shane Latch respectfully request that this Court enter an order dismissing the claims made against them in their individual capacities, with prejudice, or in the alternative, the Court should require the Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard required for these claims.

**Respectfully submitted,** this the 25th day of June, 2018.

ALCORN COUNTY, MISSISSIPPI

By: */s/ Arnold U. Luciano*
　　 Daniel J. Griffith, MSB #8366
　　 Arnold U. Luciano, MSB #99198
　　 Attorneys for Defendant

Of Counsel:
JACKS GRIFFITH & LUCIANO, P.A.
150 North Sharpe Avenue
P.O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Fax: 662-843-6176
Email: dgriffith@jlpalaw.com
　　　 aluciano@jlpalaw.com

8

## <u>CERTIFICATE OF SERVICE</u>

I, Arnold U. Luciano, one of the counsel for Defendant in the above case, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum Brief in Support of Motion for Judgment on the Pleadings Based on Qualified Immunity for Deputies Davis and Latch* to be delivered by the ECF Filing System which gave notice to the following:

> Robert H. Burress, III
> R. H. Burress, III, P.A.
> Attorney-at-Law
> 123 South Fulton Street
> Iuka, MS 38852
> Phone: (662) 423-3153
> Fax: (662) 423-2964
> Email: boburress@bellsouth.net
> **Attorneys for Plaintiff**

**FILED** this 25th day of June, 2018.

> */s/ Arnold U. Luciano*
> Arnold U. Luciano