IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DELILAH HEARN  PLAINTIFF

VS.  CAUSE NO. 1:18CV-00095-SA-DAS

TONY DAVIS, In His Individual Capacity,
SHANE LATCH, In His Individual Capacity,
ALCORN COUNTY, MISSISSIPPI and
XYZ INSURANCE COMPANY  DEFENDANTS

## MEMORANDUM BRIEF IN SUPPORT OF OPPOSITION TO DEFENDANT, TONY DAVIS AND SHANE LATCH'S MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY

COMES NOW plaintiff, Delilah Hearn, by and through counsel, and files her Memorandum Brief in Support of Opposition to Defendants, Tony Davis and Shane Latch's Motion for Judgement on the Pleadings Based on Qualified Immunity, stating the following:

I.

FACTS

On May 25, 2017, defendant deputies, Tony Davis and Shane Latch, went to the home of plaintiff, Delilah Hearn, to arrest Ms. Hearn's daughter-in-law, Melody Loveless. (Complaint [Doc 1], ¶7; First Amended Complaint [Doc. 14-1] ¶7, 8). At the request of Latch, Ms. Hearn went back in and almost immediately brought Melody out of the house to the deputies. [Doc. 1 ¶8; Doc. 14-1 ¶8, 9]. After the deputies had handcuffed Melody outside the house and Ms. Hearn had gone back inside her home, Davis and Latch broke into her door to get Ms. Hearn without probable cause. [Doc. 1 ¶9; Doc. 14-1 ¶12, 13, 14]. Davis and Latch then used unreasonable, excessive and unnecessary physical force to pull Ms. Hearn out of her home, handcuffing her wrist behind her

back. [Doc. 1 ¶9, 20; Doc. 14-1 ¶13, 15]. This unreasonable seizure of her person by use of excessive force caused Ms. Hearn physical and emotional injuries, medical expenses and economic damages. [Doc. 1 ¶11, 19, 21; Doc. 14-1 ¶13, 15, 17, 20, 22, 28]. Davis and Latch's only reason for being at Ms. Hearn's house was to arrest Melody Loveless. Ms. Hearn did not resist, hinder or obstruct the deputies from doing so, but rather assisted by bringing her daughter-in-law, Melody, out of the house to the deputies. [Doc.1 ¶7, 8; Doc. 14-1 ¶8, 9, 18]. After accomplishing their only lawful purpose for being at Ms. Hearn's home by arresting Melody Loveless without any trouble, Davis and Latch then proceeded to unlawfully, without probably cause, seize, handcuff and arrest Ms. Hearn by use of excessive force, causing her injuries. [Doc. 1 ¶8, 9, 10, 11; Doc. 14-1 ¶8, 9, 11, 12, 13, 14, 15, 18]. All of the bogus charges against Ms. Hearn were ultimately dismissed after the county prosecutor was made aware of the circumstances and content of video from the security camera. [Doc. 1 ¶11; Doc. 14-1 ¶22].

## II.

## MOTION STANDARD [1]

In considering a motion under Rule 12 (c) of the Federal Rules of Civil Procedure, the Court must accept all well pleaded facts as true, viewing them in the light most favorable to the plaintiff. In Re: Katrina Canal Bridges Litigation, 495 F3rd 191, 205 (5th Cir. 2007). To survive a motion to dismiss, a plaintiff is not required to adhere to a standard of heightened fact pleading of specifics,

---

[1] Untimely motions to dismiss are sometimes treated as a motion for judgement on the pleadings under Fed. R. Civ. P. 12 . Delta Truck & Tractor, Inc. v. Navistar International Transportation Corp., 833 F. Supp. 587, 588 (W.D. La. 1993). "[A] motion to dismiss made after the filing of an answer serves the same function as a motion for judgement on the pleadings and may be regarded as one." Delta Truck & Tractor, Inc., 833 F. Supp. at 588 (quoting Schy v. Susquehanna Corp., 419 F.2d 1112, 1115 (7th Cir. 1970) (citing Kenemer v. Arkansas Fuel Oil Co., 151 F.2d 567, 568 (5th Cir. 1945)(noting that "[a]ny defect in procedure was waived by appellant's failure to object when the court was considering the motion."))).

but is only required to provide "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 553, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

III.

ARGUMENT

Plaintiff's Complaint [Doc. 1] is sufficient to survive this motion for judgement on the pleadings. In addition, in response to defendants' motion, and in order to cure any alleged deficiency in the pleadings, Ms. Hearn has filed a Motion to File First Amended Complaint [Doc. 14] with proposed First Amended Complaint [Doc. 14-1] attached thereto. This First Amended Complaint will clearly overcome any suggestion that Ms. Hearn has failed to state a plausible claim for liability against defendants, Tony Davis and Shane Latch.

Qualified immunity is only qualified, not absolute, as seems to be suggested by defendants. The facts as plead in the Complaint and First Amended Complaint clearly show unreasonable seizure of Ms. Hearn, violating her 4th Amendment rights. Any reasonable, competent law enforcement officer would know that the conduct of defendants under this situation was unlawful. The facts pled do negate a qualified immunity defense by sufficiently alleging plaintiff's right to recovery.

Allegations by plaintiff do exceed any heightened burden of specificity required. Video from the security camera will further prove the truth of the events. It has been said that a picture is worth a thousand words. A video must be worth ten thousand words.

Ms. Hearn, a petite 65 year old lady, was no threat whatsoever to the much bigger, stronger and younger deputies. She did not interfere with the deputies in making the arrest they came to

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DELILAH HEARN                                                    PLAINTIFF

VS.                                              CAUSE NO. 1:18CV-00095-SA-DAS

TONY DAVIS, In His Individual Capacity,
SHANE LATCH, In His Individual Capacity,
ALCORN COUNTY, MISSISSIPPI and
XYZ INSURANCE COMPANY                                            DEFENDANTS

**<u>MEMORANDUM BRIEF IN SUPPORT OF OPPOSITION TO
DEFENDANT, TONY DAVIS AND SHANE LATCH'S
MOTION FOR JUDGMENT ON THE PLEADINGS
BASED ON QUALIFIED IMMUNITY</u>**

COMES NOW plaintiff, Delilah Hearn, by and through counsel, and files her Memorandum Brief in Support of Opposition to Defendants, Tony Davis and Shane Latch's Motion for Judgement on the Pleadings Based on Qualified Immunity, stating the following:

I.

FACTS

On May 25, 2017, defendant deputies, Tony Davis and Shane Latch, went to the home of plaintiff, Delilah Hearn, to arrest Ms. Hearn's daughter-in-law, Melody Loveless. (Complaint [Doc 1], ¶7; First Amended Complaint [Doc. 14-1] ¶7, 8). At the request of Latch, Ms. Hearn went back in and almost immediately brought Melody out of the house to the deputies. [Doc. 1 ¶8; Doc. 14-1 ¶8, 9]. After the deputies had handcuffed Melody outside the house and Ms. Hearn had gone back inside her home, Davis and Latch broke into her door to get Ms. Hearn without probable cause. [Doc. 1 ¶9; Doc. 14-1 ¶12, 13, 14]. Davis and Latch then used unreasonable, excessive and unnecessary physical force to pull Ms. Hearn out of her home, handcuffing her wrist behind her

back. [Doc. 1 ¶9, 20; Doc. 14-1 ¶13, 15]. This unreasonable seizure of her person by use of excessive force caused Ms. Hearn physical and emotional injuries, medical expenses and economic damages. [Doc. 1 ¶11, 19, 21; Doc. 14-1 ¶13, 15, 17, 20, 22, 28]. Davis and Latch's only reason for being at Ms. Hearn's house was to arrest Melody Loveless. Ms. Hearn did not resist, hinder or obstruct the deputies from doing so, but rather assisted by bringing her daughter-in-law, Melody, out of the house to the deputies. [Doc.1 ¶7, 8; Doc. 14-1 ¶8, 9, 18]. After accomplishing their only lawful purpose for being at Ms. Hearn's home by arresting Melody Loveless without any trouble, Davis and Latch then proceeded to unlawfully, without probably cause, seize, handcuff and arrest Ms. Hearn by use of excessive force, causing her injuries. [Doc. 1 ¶8, 9, 10, 11; Doc. 14-1 ¶8, 9, 11, 12, 13, 14, 15, 18]. All of the bogus charges against Ms. Hearn were ultimately dismissed after the county prosecutor was made aware of the circumstances and content of video from the security camera. [Doc. 1 ¶11; Doc. 14-1 ¶22].

II.

MOTION STANDARD [1]

In considering a motion under Rule 12 (c) of the Federal Rules of Civil Procedure, the Court must accept all well pleaded facts as true, viewing them in the light most favorable to the plaintiff. In Re: Katrina Canal Bridges Litigation, 495 F3rd 191, 205 (5th Cir. 2007). To survive a motion to dismiss, a plaintiff is not required to adhere to a standard of heightened fact pleading of specifics,

---

[1] Untimely motions to dismiss are sometimes treated as a motion for judgement on the pleadings under Fed. R. Civ. P. 12 . Delta Truck & Tractor, Inc. v. Navistar International Transportation Corp., 833 F. Supp. 587, 588 (W.D. La. 1993). "[A] motion to dismiss made after the filing of an answer serves the same function as a motion for judgement on the pleadings and may be regarded as one." Delta Truck & Tractor, Inc., 833 F. Supp. at 588 (quoting Schy v. Susquehanna Corp., 419 F.2d 1112, 1115 (7th Cir. 1970) (citing Kenemer v. Arkansas Fuel Oil Co., 151 F.2d 567, 568 (5th Cir. 1945)(noting that "[a]ny defect in procedure was waived by appellant's failure to object when the court was considering the motion."))).

but is only required to provide "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 553, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

III.

ARGUMENT

Plaintiff's Complaint [Doc. 1] is sufficient to survive this motion for judgement on the pleadings. In addition, in response to defendants' motion, and in order to cure any alleged deficiency in the pleadings, Ms. Hearn has filed a Motion to File First Amended Complaint [Doc. 14] with proposed First Amended Complaint [Doc. 14-1] attached thereto. This First Amended Complaint will clearly overcome any suggestion that Ms. Hearn has failed to state a plausible claim for liability against defendants, Tony Davis and Shane Latch.

Qualified immunity is only qualified, not absolute, as seems to be suggested by defendants. The facts as pled in the Complaint and First Amended Complaint clearly show unreasonable seizure of Ms. Hearn, violating her Fourth Amendment rights. Any reasonable, competent law enforcement officer would know that the conduct of defendants under this situation was unlawful. The facts pled do negate a qualified immunity defense by sufficiently alleging plaintiff's right to recovery.

Allegations by plaintiff do exceed any heightened burden of specificity required. Video from the security camera will further prove the truth of the events. It has been said that a picture is worth a thousand words. A video must be worth ten thousand words.

Ms. Hearn, a petite 65 year old lady, was no threat whatsoever to the much bigger, stronger and younger deputies. She did not interfere with the deputies in making the arrest they came to

make. Ms. Hearn committed no crime before or after deputies, Davis and Latch, arrived at her home. Davis and Latch had no right to even touch Ms. Hearn, much less arrest her and injure her by use of excessive force. Davis and Latch could have and should have left the premises as soon as they successfully apprehended Melody Loveless.

Plaintiff's allegations are not bare conclusions, but specifically and clearly set forth facts from which the Court may easily conclude and infer §1983 liability of Davis and Latch. There simply is no qualified immunity for the conduct of Davis and Latch such as described in the pleadings.

The facts as outlined herein and set forth in the Complaint and First Amended Complaint clearly demonstrate an actionable claim against defendants, Latch and Davis, for violation of the Fourth Amendment right to be free from objectively unreasonable seizure of Ms. Hearn by use of excessive and unnecessary force which caused her injuries and damages.

The primary, overriding duty of law enforcement is to protect and serve the public and law abiding citizens like Ms. Hearn. Instead, the conduct of defendants, Davis and Latch, in no way resembled protecting or serving Ms. Hearn. Contrary to everything we think we deserve from our sheriff's department employees, defendants, Davis and Latch, went onto Ms. Hearn's property, actually broke into her home, and commenced to bully, harass, curse, humiliate, insult, man-handle and physically injured Ms. Hearn. This reflects the type of behavior that gives law enforcement a bad name which we hear more and more of these days. It is embarrassing to us all and should be stopped. The civil remedy available here can hopefully deter future similar behavior by these two and other officers. The mistreatment of Ms. Hearn was inexcusable and clearly demonstrates objectively unreasonable seizure with excessive force.

IV.

CONCLUSION

Ms. Hearn's Complaint and First Amended Complaint clearly state sufficient facts for plausible claims of liability against the defendants, Tony Davis and Shane Latch. For purposes of the Motion for Judgment on the Pleadings, the Court must accept the facts stated in the Complaint and First Amended Complaint, and all reasonable inferences that can be drawn therefrom, as true in the light most favorable to the plaintiff.

Facts are sufficiently pled in the Complaint to defeat the Motion for Judgment on the Pleadings. Further specifics in the First Amended Complaint will cure the alleged deficiency in pleadings. Defendants' motion should be denied.

Respectfully submitted this 23rd day of July, 2018.

                                                        /s/ R. H. Burress, III
                                                        R. H. BURRESS, III, MSB# 8660
                                                        Attorney for Plaintiff

R. H. BURRESS, III, P.A.
123 SOUTH FULTON STREET
IUKA, MISSISSIPPI 38852
PHONE: 662-423-3153
FAX: 662-423-2964
EMAIL: boburress@bellsouth.net

CERTIFICATE OF SERVICE

    I hereby certify that on this date, I, electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Daniel J. Griffith
Arnold U. Luciano
JACKS GRIFFITH & LUCIANO
P. O. Box 1209
Cleveland, MS 38732-1209
dgriffith@jlpalaw.com
aluciano@jlpalaw.com

This the 23rd day of July, 2018.

                                              /s/ R. H. Burress, III
                                              R. H. BURRESS, III, MSB#8660