IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DELILAH HEARN                                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:18-CV-95-SA-DAS

TONY DAVIS, SHANE LATCH,
and ALCORN COUNTY, MISSISSIPPI                                                 DEFENDANTS

ORDER

Now before the Court is the Defendants' Motion for Judgment on the Pleadings [9] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the basis of Qualified Immunity.

*Background and Procedural History*

The Plaintiff filed her Complaint [1] against Alcorn County, Mississippi and Alcorn County Sheriff Deputies Davis and Latch in this Court on May 23, 2018. The Plaintiff alleges that on May 25, 2017, Deputies Davis and Latch arrived at the Plaintiff's home to execute an arrest warrant for her daughter-in-law, Melody Loveless. Following the arrest of Loveless, the Plaintiff alleges that Deputies Davis and Latch broke into her home and arrested her without probable cause and subjected her to excessive force. The Plaintiff further alleges that Deputy Davis made out false criminal affidavits against her and falsely imprisoned her for more than six hours.

On June 25, 2018, the individual Defendants filed a Motion for Judgment on the Pleadings [9] pursuant to 12(c), asserting their entitlement to qualified immunity on all of the Plaintiff's claims. The Plaintiff requested, and was granted, leave to file an amended complaint in response to the Defendant's pending motion. *See* Order [14]; Amended Complaint [19].

*Discussion*

The Defendants' pending Motion [9] has been rendered moot by the subsequent and unopposed filing of the Plaintiff's Amended Complaint. *See generally Ware v. Sailum Co., Ltd.*,

2017 WL 50806, *2 (N.D. Miss. Feb. 23, 2017). "[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Ellis v. Lowndes County*, 2017 WL 4678222, *1 (N.D. Miss. Oct. 17, 2017) (*quoting King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). "Accordingly, when a motion to dismiss has been filed against a superseded complaint, the proper course ordinarily is to deny the motion to dismiss as moot." *Id.*, *see Reyna v. Deutshe Bank Natl. Tr. Co.*, 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012) (collecting cases).

*Conclusion*

For the reasons set forth above, the Defendants' Motion [9] for Judgment on the Pleadings is dismissed *without prejudice* as moot.

SO ORDERED this the 27th day of November, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE