IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DELILAH HEARN                                                    PLAINTIFF

VS.                                                CAUSE NO. 1:18CV-00095-SA-DAS

TONY DAVIS, In His Individual Capacity,
SHANE LATCH, In His Individual Capacity,
ALCORN COUNTY, MISSISSIPPI AND
XYZ INSURANCE COMPANY                                            DEFENDANTS

JURY TRIAL DEMANDED

## **SECOND AMENDED COMPLAINT**
JURY DEMANDED

COMES NOW plaintiff, Delilah Hearn, by and through undersigned counsel, and brings this civil action to recover damages against defendants for violation of plaintiff's constitutional rights made actionable by 42 U.S.C. §1983 and under Mississippi Torts Claims Act, and on the individual defendants' public official bond pursuant to Mississippi law, and in support thereof would show as follows:

1.  Plaintiff, Delilah Hearn, is an adult resident citizen of Alcorn County, Mississippi.

2.  Defendant, Tony Davis, is an adult resident citizen of Alcorn County, Mississippi, whose present address is unknown but who may be served with process by service of complaint and summons upon him wherever he may be found.

3.  Defendant, Shane Latch, is an adult resident citizen of Alcorn County, Mississippi, whose present address is unknown but who may be served with process by service of complaint and summons upon him wherever he may be found.

4.  Defendant, Alcorn County, Mississippi, may be served with process by service of complaint and summons upon the Alcorn County Chancery Clerk, 500 East Waldron Street, Corinth,

Mississippi, the Alcorn County Board of Supervisors or as otherwise may be provided by law.

5. Defendant, XYZ Insurance Company, whose identity is presently unknown to plaintiff, is the corporation or other form of entity that provided bond coverage for defendants, Davis and Latch.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§1331, 42 U.S.C.§1983, 28 U.S.C.§1343, and 28 U.S.C.§1367; supplemental, ancillary or pendant jurisdiction for causes of action under State law arising out of and substantially related to the same occurrence and controversy. Venue is proper in this Court under 28 U.S.C. §1391 since the events and conduct giving rise to this claim occurred in this judicial district.

7. On May 25, 2017, defendant deputies, Shane Latch and Tony Davis with one or two other men appearing to be deputies, acting as county officials and employees of the Alcorn County Sheriff's Department and under color of state law, came to the residence of Delilah Hearn in Alcorn County and pulled up in her yard in two patrol cars and a pickup truck.

8. Shane Latch asked for Melody Loveless, daughter-in-law of Ms. Hearn. Ms. Hearn told him she wasn't sure if Melody was there, but she would see if she could find her. Ms. Hearn's son, Tim Loveless, and his wife, Melody, lived in her house as the house was designed to accommodate two families with rear entrance for their privacy and hers.

9. Ms. Hearn went through the house and found Melody. Within only about 80 seconds, Melody came out the front door onto the porch with Ms. Hearn and Tim went out the back door. Shane Latch said they didn't come after Tim and asked why he was running. Ms. Hearn asked, "if you didn't come after Tim, why are they running after him?"

10. Shane Latch appeared to get angry at Ms. Hearn because Tim ran away and took it out on her. In fear for her own safety, Ms. Hearn went in her house and locked the storm door latch.

11. The deputies purported to have a warrant for the arrest of Melody Loveless. They never claimed to have a warrant for anyone else or a warrant to search the premises. Shortly after Ms. Hearn brought Melody out of the house, the deputies handcuffed Melody on the porch ramp.

12. While Melody was handcuffed on the porch ramp, Tony Davis said: "go get her," meaning Ms. Hearn. Shane Latch and Tony Davis came back onto the porch and jerked on the storm door and beat on the glass part of the door, trying to break in. Shane Latch and Tony Davis broke her door handle and tore the door open.

13. Davis and Latch went into her home, man-handled Ms. Hearn, a petite 65 year old woman, and roughly pulled her back out of her home onto the front porch. She told them they were hurting her, but they both said they didn't care what they were doing, they were taking her in.

14. Latch and Davis had broken into Ms. Hearn's home without a warrant and without probable cause. They told Ms. Hearn they didn't need a warrant and that they could do whatever they wanted.

15. Davis and Latch again used excessive and unnecessary force when they grabbed her, pulled and twisted her arms behind her back and handcuffed her, causing severe pain and wrist sprain. Davis and Latch used excessive and unnecessary force when they roughly dragged the handcuffed, petite, 65 year old, Ms. Hearn to the patrol car and threw her into the back seat.

16. Ms. Hearn asked the deputies to close her front door so her pet bird could not get out. Instead of just closing the door, Davis and Latch went back into her house and stayed for approximately five (5) minutes without a search warrant.

17. In the car, Tony Davis yelled at Ms. Hearn and called her a sorry lowdown motherf'ing bitch. Davis yelled at Shane Latch to, "come and get this motherf'ing bitch before I

knock her in the head and kill her". Latch came and got Ms. Hearn and put her in his truck.

18. At no time had Ms. Hearn prevented or in any way obstructed the deputies from arresting Melody Loveless, which was purportedly their only purpose for being there. Ms. Hearn committed no crime before or after deputies came to her house. And yet, it was after they had accomplished their sole purpose of arresting Melody Loveless, that Davis and Latch proceeded to break into Ms. Hearn's home and arrest her by use of unreasonably excessive force. This occurrence on Ms. Hearn's porch is preserved by video from a security camera on the premises.

19. Defendants, Shane Latch and Tony Davis, violated Ms. Hearn's First Amendment constitutional right of free speech by placing her under arrest for things she said to them. Latch stated in his deposition that "Ms. Hearn was cussing and raising heck while on the porch of her residence when he told her she needed to calm down or she was going to jail too; that if she cussed us one more time she was going to jail"; to which Latch says she said, 'you're not taking me no damn where, this is my house'; to which Latch says he told her 'you are under arrest'. Latch says he decided to arrest Ms. Hearn for cussing us and being loud and not listening to being told to calm down. According to Latch, he arrested Ms. Hearn for disorderly conduct because of what she said (verbally abusive and not calming down) but that she did nothing else disorderly. Although Ms. Hearn had not broken any law with her words nor failing to comply with unlawful commands of the deputies, defendant Davis assisted defendant Latch in making this arrest on grounds of what she said to them, violating her freedom of speech. The arrest by the defendants, Shane Latch and Tony Davis, was an unlawful violation of Ms. Hearn's First Amendment right of free speech. Defendants, Latch and Davis, retaliated against Ms. Hearn by arresting her for exercising her First Amendment right of free speech.

20. Because of her wrist injuries suffered from the excessive and unnecessary force of Davis and Latch, Ms. Hearn, after bonding out of jail, went to the emergency room at Magnolia

Regional Health Center in Corinth, Mississippi, for treatment and x-ray of wrist injury. She was diagnosed with sprain and strain of the wrist and told to elevate and apply ice for pain and swelling. Ms. Hearn incurred medical expenses as a result.

21. Defendants took Ms. Hearn to the Alcorn County Jail. Defendant, Tony Davis, then wrongfully swore out criminal affidavits to charge Ms. Hearn with resisting arrest, disorderly conduct, misdemeanor simple assault on police officer, hindering prosecution, and rendering criminal assistance.

22. Ms. Hearn was detained from the false arrest and falsely imprisoned for six (6) hours until she was allowed to make bond at the cost of $580.00. She also incurred expense of attorney's fees in the amount of $1,500.00 defending these false charges. All charges were subsequently dismissed by the Alcorn County Justice Court, after the county prosecutor was made aware of the video from the security camera at Ms. Hearn's home and the circumstances of the arrest.

23. Ms. Hearn was falsely arrested, detained and imprisoned by defendants, Davis and Latch, without warrant and in the absence of probable cause.

24. Defendants, Davis and Latch, were at all times relevant to this action employees of the Alcorn County Sheriff's Department acting under color of state law.

25. Defendants, Davis and Latch, acted with reckless disregard for the safety and well being of Ms. Hearn and in violation of her constitutionally protected rights.

26. Defendants, Davis and Latch, are liable to Ms. Hearn for violating her first amendment right of freedom of speech and her fourth amendment right to be free from unreasonable seizure through use of excessive force which was objectively unreasonable under the circumstances.

27. Defendants, Davis and Latch, are liable to Ms. Hearn for having falsely arrested and detained her without probable cause when they were aware that they had no lawful basis to arrest, detain or imprison Ms. Hearn.

28. As a direct and proximate result of defendants', Davis and Latch, violation of Ms. Hearn's First and Fourth Amendment rights, Ms. Hearn suffered physical and emotional injury and suffered damages from incurring medical expenses, cost of bail bond and attorney's fees to defend these charges.

29. Defendant, Tony Davis, is liable to Ms. Hearn for violating her First Amendment right of freedom of speech and her Fourth Amendment right to be free from unreasonable seizure of the person through use of excessive force. As a direct and proximate result of defendant Davis' violation of Ms. Hearn's First and Fourth Amendment rights, Ms. Hearn suffered economic, physical and emotional injury.

30. Defendant, Shane Latch, is liable to Ms. Hearn for violating her First Amendment right of freedom of speech and her Fourth Amendment right to be free from objectively unreasonable seizure of the person through use of excessive force. As a direct and proximate result of defendant Davis' violation of Ms. Hearn's First and Fourth Amendment rights, Ms. Hearn suffered economic, physical and emotional injury.

31. Defendant, Tony Davis, is liable to Ms. Hearn for violation of her First and Fourth Amendment right for charging her without probable cause when Davis knew that he was fabricating charges against Ms. Hearn for the sole purpose of having her prosecuted. As a direct and proximate result of defendant Davis' violation of Ms. Hearn's First and Fourth Amendment rights, Ms. Hearn suffered economic damages for the cost of bond and attorney's fees to defend to false charges, all of which were ultimately dismissed by Alcorn County Justice Court, after the county prosecutor was made aware of the circumstances and content of the video footage.

32. Defendant, Shane Latch, is liable to Ms. Hearn for violation of her First and Fourth Amendment rights for having her prosecuted without probable cause when Latch knew that he was fabricating charges against Ms. Hearn for the sole purpose of having her prosecuted. As a direct and

proximate result of defendant Latch's violation of Ms. Hearn's First and Fourth Amendment rights, Ms. Hearn suffered economic damages for the cost of bond and attorney's fees to defend to false charges, all of which were ultimately dismissed by Alcorn County Justice Court, after the county prosecutor was made aware of the circumstances and content of the video footage.

33. Ms. Hearn seeks judgement against defendants for actual economic damages for medical expenses, bond costs, and legal fees for defending the false charges. She also seeks damages for physical pain and suffering, emotional distress and mental anguish, inconvenience, embarrassment, and humiliation and is entitled to reasonable attorney's fees and costs incurred in this action.

34. At all times relevant, defendants, Davis and Latch, were acting in their official capacities as employees of Alcorn County Sheriff's Department. Therefore, Defendant, Alcorn County, is liable to Ms. Hearn for said damages under the Mississippi State Tort Claims Act for the above described negligent, intentional, willful and tortuous conduct of said deputies and their failure to protect and serve, acting in reckless disregard for the safety and well being of plaintiff, Ms. Hearn, in violation of state law, their duties owed to Ms. Hearn, and her constitutional rights. Alcorn County was provided with required Notice of Claim by letter dated July 24, 2017, from plaintiff's attorney, to which there was no reply from Alcorn County.

35. Defendant, Alcorn County, Mississippi, is liable for damages to plaintiff for its negligent hiring, supervision, and training of its employees which resulted in these violations of constitutional rights and the Tort Claims Act.

36. At all times relevant to this action, defendants, Davis and Latch, were county officials who executed bond for performance of duties.

37. Defendants, Davis and Latch, knowingly and wilfully neglected to perform numerous duties required of them by law and otherwise violated their official obligations.

38. Defendants, Davis and Latch, knowingly and wilfully neglected to perform duty required of them by law and based on violation of official duties, Ms. Hearn brings suit against said defendants in their individual capacities and on their public official bonds for recovery of damages incurred by Ms. Hearn.

39. Defendant, XYZ Insurance, is liable to Ms. Hearn from providing public official bonds for violation of official duties or knowing, willful or negligent failure to faithfully perform duties by defendant deputies, Davis and Latch.

WHEREFORE, PREMISES CONSIDERED, plaintiff, Delilah Hearn, seeks judgement for actual and compensatory damages against all defendants in an amount to be determined by the trier of fact for punitive damages against defendant, Tony Davis, in his individual capacity, for punitive damages against defendant, Shane Latch, in his individual capacity, and against defendant, XYZ Insurance or Bonding Company, in an amount to be determined by the trier of fact and for reasonable attorney's fees pursuant to 42 U.S.C.§1988, along with all allowable costs and all other relief to which Ms. Hearn may be entitled in law or equity.

Respectfully submitted this 5th day of August, 2019.

/s/ R. H. Burress, III
R. H. BURRESS, III, MSB#8660

R. H. Burress, III, P.A.
123 South Fulton Street
Iuka, MS 38852
Phone: 662-423-3153
Fax: 662-423-2964
Email: boburress@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I, electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Daniel J. Griffith
Arnold U. Luciano
JACKS GRIFFITH & LUCIANO
P. O. Box 1209
Cleveland, MS 38732-1209
dgriffith@jlpalaw.com
aluciano@jlpalaw.com

This the 5th day of August, 2019.

            /s/ R. H. Burress, III
            R. H. BURRESS, III, MSB#8660