IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DELILAH HEARN**                                                                                           **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 1:18-CV-95-SA-DAS**

**TONY DAVIS, SHANE LATCH and**
**ALCORN COUNTY, MISSISSIPPI**                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the court on the plaintiff's motion to enforce an alleged settlement agreement. The court has considered the motion, response and reply, along with the briefs of the parties. The court has also considered the exhibits introduced at the evidentiary hearing and oral argument offered by counsel. The undersigned recommends that the motion to enforce the settlement agreement be denied.

## 1. PROCEDURAL HISTORY

According to the plaintiff's amended complaint, the individual defendants, who are sheriff's deputies with Alcorn County, came to her home to arrest her daughter-in-law, Melody, who along with the plaintiff's son lived with the plaintiff. The plaintiff answered the door, and as requested went to get Melody, who returned to the front porch of the home with the plaintiff. The plaintiff's son ran out the back of the home. The plaintiff had some verbal exchange with the defendant, Shane Latch, about the son running away. Plaintiff claims she was frightened when Latch became angry with her and went back into her home. The officers followed her and broke down her door. She was arrested and alleges that the officers had no right to enter her home and used excessive force in making the arrest. The charges brought against the plaintiff were not prosecuted. Plaintiff sued the officers and their employer, Alcorn County.

There is no factual dispute between the parties about the settlement negotiations which lead to the plaintiff's motion to enforce. The defense attorney offered fifteen thousand dollars to settle all claims against all parties. Plaintiff's counsel, after consulting with his client, advised she was agreeable to that sum. Defense counsel then confirmed the settlement in writing, indicating that the necessary paperwork was being drafted and the settlement check ordered. He did not expressly condition the settlement on approval by the Alcorn County Board of Supervisors. Shortly thereafter one of the defense attorneys advised plaintiff's counsel that the Alcorn County Board of Supervisors had not approved the settlement.

The plaintiff then filed the instant motion to enforce the settlement agreement. The defendants assert that there can be no valid enforceable contract to settle until the settlement is approved by the county acting through its Board of Supervisors. Without this having happened, the defendants argue the plaintiff has no remedy.

## 2. DISCUSSION AND ANALYSIS

Because "[c]ompromises of disputed claims are favored by the courts," *Cia Anon Venezolana De Navegacion v. Harris,* 374 F.2d 33, 35 (5th Cir.1967) (*quoting Williams v. First National Bank,* 216 U.S. 582 (1910)), it has long been settled in Fifth Circuit jurisprudence that a federal court has the inherent power to recognize and enforce a settlement of litigation pending before it. *See White Farm Equipment Co. v. Kupcho,* 792 F.2d 526, 529(5th Cir.1986). A settlement agreement is a contract and is judged by principles of state law or federal common law applicable to contracts generally. In this case, Mississippi law supplies the governing substantive law regarding the enforceability of any agreement involving a county defendant.

### A. Enforceability Against Alcorn County

The plaintiff initially argued in her motion that the agreement to settle in this case is a contract that she is entitled to enforce against all the defendants. The defendants have argued that the settlement agreement cannot be enforced against Alcorn County under Mississippi law. The county introduced the affidavit of its attorney, William Davis, who provided under oath that his review of the minutes of the Alcorn County Board of Supervisors show no authorization or consent to the settlement of this litigation.

Ultimately there is little dispute between the parties that the settlement agreement cannot be enforced against the county. Mississippi law makes that conclusion unavoidable. "For over a century, Mississippi has required that a public board speak and act only through its minutes. [Citation omitted]. Mississippi courts will not give legal effect to a contract with a public board unless the board's approval of the contract is reflected in its minutes." *Lefoldt v. Horne, L.L.P.*, 938 F.3d 549, 550 (5th Cir. 2019). No individual member of a public board, nor any other agent of the board, can bind the board and commit public funds, without the consent of the entire board. *Butler v. Bd. of Sup'rs for Hinds County*, 659 So. 2d 578, 579 (Miss. 1995) (holding painting subcontractor who performed added work on courthouse renovation at the direction of the architect could not recover payment without board approval). Mississippi courts have protected the public interest, holding it "is paramount to other individual rights which may be involved." *Id at* 581-82. The Mississippi courts have enforced the requirement for formal adoption and authorization even when convinced that adherence will cause an injustice. *Colle Towing Co., Inc. v. Harrison County*, 213 Miss. 442, 57 So. 2d 171, 172 (1952) (Though the board president entered into an oral contract with the plaintiff to provide additional supports for a

drawbridge in immediate danger of collapse, and despite partial payments received from the county, the plaintiff could not recover for its services under the contract or in quantum meruit.).

It follows, therefore, that any individual dealing with an agent for the county or similar government agency is charged with being aware of the legal limits of such agent's authority. *Bruner v. University of Southern Mississippi*, 501 So.2d 1113, 1115 (Miss. 1987). The fact that the offer of settlement was not expressly conditioned on subsequent approval by the Board of Supervisors does not alter the outcome. The normal practice of relying on the apparent authority of an attorney to make and accept offers of compromise on behalf of clients in litigation is inapplicable in this case. The plaintiff is charged with notice that the county's attorney lacked the actual authority to settle her claim against the county. There was not an enforceable contract because the proposed settlement was never accepted by the Alcorn County Board of Supervisors. Accordingly, the motion to enforce the settlement agreement against the county should be denied.

### B. Enforceability of Agreement Against Others

Plaintiff also argues that regardless of whether the settlement agreement is enforceable against the county, she should be allowed to enforce the agreement against the insurance company and the individual defendants. The undersigned recommends that the court find otherwise.

There was an offer made by defense counsel on behalf of all the defendants to settle all claims in the lawsuit. Furthermore, the documents provided to the court indicate the insurer is some sort of self-insured risk group for public entities. As such it appears that its revenues are derived from public funds. Without more information about this entity, the court is not sure that a payment for a settlement could be ordered where it was not approved by the public entity.

4

Additionally, the court has *no* information about any deductible or self-insured retention by the county. Would an order to the insurer be wholly or partially payable by the county? The plaintiff has failed to prove that the purported settlement agreement can be enforced against this entity.

Finally, there was a single global offer made to resolve all claims. There is no indication that the parties ever considered any division of responsibility for damages between the defendants. Defense counsel did not give the plaintiff an option to settle with less than all the defendants. Does the plaintiff propose that the individual defendants should pay the entire settlement? Would the county then be entitled to dismissal without contributing to the settlement? Or, should the court, without an agreement by the parties or any evidentiary basis, hold the remaining defendants liable for some portion of the settlement amount? If so, how should the court arrive at this amount? Without answers to these questions from the plaintiff, there can be no entitlement to relief.

The record is silent on the subject, but the court assumes that the funds being offered in settlement were to be paid by the county and/or the insurer. It doubts the individual defendants authorized any part of the settlement from their personal funds or that the plaintiff thought the funds would be obtained from the individual defendants. There is nothing in the record to indicate defense counsel had the authority to commit their funds, or that the plaintiff assumed the defense attorney had the authority to do so. There is no proof that the plaintiff was looking to the individual defendants to fund the settlement. In sum, there is nothing before the court to show how to sever the one offer to the plaintiff into separate components to be enforced against less than all parties. Accordingly, the motion to enforce the settlement agreement as to the insurer/risk pool and/or the individual defendants should be denied.

## *CONCLUSION*

For the reasons above stated, the undersigned recommends that the motion to enforce the settlement agreement be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir.1996).

This the 12th day of November, 2019.

/s/ David A. Sanders
U.S. MAGISTRATE JUDGE